**Timothy MARKHAM, Petitioner–Appellant,**

v.

**David SMITH, Warden, Respondent–Appellee.**

**No. 98–2200.**

United States Court of Appeals, Sixth Circuit.

May 8, 2001.

Before MERRITT and SILER, Circuit Judges; SARGUS, District Judge.*

SILER, Circuit Judge.

Petitioner Timothy Markham was convicted in Michigan state court of murder. His habeas corpus petition was denied by the federal district court. We affirm the district court.

## I. BACKGROUND

In 1990, Markham was tried and convicted of first-degree premeditated murder in Michigan state court. He murdered Michael Vincenza, the husband of Markham's lover, Anne Vincenza. In 1989, Michael Vincenza was killed when a pipe bomb, installed by Markham, exploded in his car. Markham and Anne Vincenza were tried jointly, but before separate juries, for the murder of her husband. Separate juries found each guilty of first-degree murder. Markham was sentenced to a mandatory term of life imprisonment without parole. Having exhausted his

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

remedies in Michigan's courts, Markham filed this habeas corpus petition.

## II. STANDARD OF REVIEW

This court reviews the district court's legal conclusions de novo and its findings of fact for clear error. *See Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir.2000). Because Markham's habeas petition was filed on April 18, 1997, after the Antiterrorism and Effective Death Penalty Act ("AEDPA") became effective, the provisions of AEDPA apply to his case. *See Seymour v. Walker,* 224 F.3d 542, 549 (6th Cir.2000).

## III. AEDPA

Under AEDPA, a writ of habeas corpus should be granted only where state court adjudication: 1) "resulted in a decision that was contrary to, or involved in unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1); or 2) was based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). *See Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1519, 146 L.Ed.2d 389 (2000).

## IV. DISCUSSION

Markham raises eight habeas claims on appeal, most of which are state claims characterized as federal constitutional claims. We reject each of Markham's claims because none qualifies him for habeas relief under 28 U.S.C. § 2254(d).

Markham raises five separate due process claims. He contends that his right to due process was violated because 1) evidence of his initial refusal to permit federal agents to search his home was admitted into evidence; 2) statements made during plea negotiations were used to impeach another witness; 3) the prosecutor made statements about Markham's guilt and the credibility of witnesses that constituted misconduct; 4) evidence not properly authenticated was admitted; and 5) he was denied a severance of his trial from that of his co-defendant. Markham alleged that each of these infractions prevented him from receiving a fair trial. These claims are meritless.

▆▆▆ To the extent that Markham alleges the misapplication of the Michigan Rules of Evidence by Michigan courts, his claims are non-cognizable, as this court does not grant habeas relief on state law grounds. *See* 28 U.S.C. §§ 2241(c)(3), § 2254(a). And, to the extent that we treat Markham's claims as alleged due process violations, those violations must satisfy 28 U.S.C. § 2254(d) for habeas relief to be granted. Under due process analysis, any "[t]rial error . . . is amenable to harmless-error analysis because it may be quantitatively assessed in the context of other evidence presented in order to determine the effect that it had on the trial." A trial error requires reversal only if it had "a substantial and injurious effect or influence on determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Errors by a state court in the admission of evidence become cognizable in habeas corpus proceedings only where they deny the defendant his fundamental right to a fair trial. *See Kelly v. Withrow,* 25 F.3d 363, 370 (6th Cir.1994).

Applying 28 U.S.C. § 2254(d), Markham's claims fail because no clear Supreme Court precedent supports his positions, and because he fails to show that Michigan courts made any unreasonable determinations. Observing the totality of the evidence presented, we conclude that Markham was not deprived of his fundamental right to a fair trial.

■ Markham also contends that his Sixth Amendment right to confront a witness was violated by the admission of hearsay statements made by the victim under the state-of-mind exception. But the Confrontation Clause does not prohibit the admission of hearsay statements against a criminal defendant. *See Idaho v. Wright,* 497 U.S. 805, 813, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). Hearsay rules and the Confrontation Clause are not one in the same; evidence may be hearsay without violating the right of confrontation. *See Dutton v. Evans,* 400 U.S. 74, 91, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970). Because the right of confrontation is a trial right, *see Pennsylvania v. Ritchie,* 480 U.S. 39, 52, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), habeas petitioners are not entitled to relief unless they can establish that error resulted in actual prejudice. *See Brecht,* 507 U.S. at 637–38, 113 S.Ct. 1710.

Markham's Confrontation Clause claim fails for the same reasons that his due process claims fail. To the extent that his Sixth Amendment claim is a contest to the application of state evidentiary rules, such a claim is not cognizable. *See* 28 U.S.C. §§ 2241(c)(3), § 2254(a). And, to the extent that we apply 28 U.S.C. § 2254(d) to his Sixth Amendment claim, Markham's claim fails because there is no clearly established Supreme Court law in his favor. Michigan's courts applied their own evidentiary rules in a reasonable manner that did not infringe on Markham's constitutional rights.

Furthermore, Markham raises a Sixth Amendment ineffective assistance of counsel claim. Ordinarily, Markham would have waived this claim because he did not raise it before the district court, *see Thomas v. United States,* 166 F.3d 825, 829 (6th Cir.1999), but, as we held in *Seymour v. Walker,* 224 F.3d 542, 549 (6th Cir.2000), if a petitioner can show that he received ineffective assistance of counsel that rose to the level of a violation of his Sixth Amendment rights, it would excuse his procedural default. In *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court created the ineffective assistance of counsel standard:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Applying *Strickland,* Markham failed to show that his counsel was deficient and, therefore, that deficient counsel prejudiced his defense.

■ And, finally, Markham claimed that the Michigan courts violated his Fourth Amendment right to be free from unreasonable searches and seizures by denying his motion to suppress evidence. In *Stone v. Powell,* 428 U.S. 465, 481–82, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court held that federal courts may not consider a habeas petitioner's claim that evidence obtained in violation of the Fourth Amendment should have been excluded at his trial if the prisoner had an opportunity for full and fair litigation of that claim in the state courts. "All that *Stone v. Powell* requires is an 'opportunity' for full and fair consideration of the claim for suppression; it is up to the claimant and his counsel to decide what use, if any, is to be made of the opportunity." *Jennings v. Rees,* 800 F.2d 72, 77 (6th Cir. 1986). A two-pronged test determines whether a petitioner is entitled to habeas

review of a Fourth Amendment claim: 1) whether the state has a procedural mechanism which in the abstract presents an adequate opportunity to raise a Fourth Amendment claim, and 2) whether presentation of that claim is frustrated because of the failure of the procedural mechanism. *See Riley v. Gray*, 674 F.2d 522, 526 (6th Cir.1982).

Markham contests neither the existence nor the functioning of Michigan's procedural mechanisms. Applying *Stone* to the record, Michigan courts fully and fairly considered Markham's Fourth Amendment claim. Markham received all of the process that he was due and, as a result, his Fourth Amendment claim also fails.

AFFIRMED.