**Lamont ROBINSON, Petitioner–Appellant,**

**v.**

**Jimmy STEGALL, Respondent–Appellee.**

**No. 01–2180.**

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2002.

**112**

Before BOGGS and COLE, Circuit Judges; BELL, District Judge.*

Lamont Robinson, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, a jury convicted Robinson of involuntary manslaughter for the death of his girlfriend's seventeen-month-old child. He thereafter pleaded guilty to fourth felony habitual offender and was sentenced to life in prison. The Michigan Court of Appeals affirmed his conviction in a split decision on January 17, 1997, and the Michigan Supreme Court denied leave to appeal on February 3, 1998.

On June 17, 1998, Robinson filed his federal habeas corpus petition, asserting that: 1) the trial court erred in finding that he voluntarily waived his *Miranda* rights, where he was incompetent to waive his rights and was subjected to lengthy interrogation which overbore his will; 2) the

police officers' failure to stop questioning him after he demanded to see an attorney violated his constitutional rights as established by *Arizona v. Roberson*, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988); 3) the trial court violated his right to confrontation by improperly restricting his attorney's cross-examination of police officers regarding their motivation for interrogating him for nine hours; and 4) his offense variables were improperly scored under Michigan law. The district court found each claim to be without merit, but issued a certificate of appealability as to the third issue.

In his timely appeal, Robinson reasserts his certified issue.

In habeas corpus actions, this court reviews a district court's legal conclusions de novo and its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999). Pursuant to § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a writ of habeas corpus may not be granted unless the state court proceedings:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see also Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir.2000); *Warren v. Smith*, 161 F.3d 358, 360 (6th Cir.1998).

The Sixth Amendment guarantees a criminal defendant the right "to be con-

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

fronted with the witnesses against him." U.S. Const. amend. VI. In *Delaware v. Van Arsdall*, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986), the Supreme Court observed:

> [A] criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby "to expose to the jury the facts from which jurors ... could appropriately draw inferences relating to the reliability of the witness."

*Id.* at 680 (quoting *Davis v. Alaska*, 415 U.S. 308, 318, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)). While the discovery of bias is relevant, a trial court retains discretion to limit the scope of cross-examination in response to concerns such as harassment, prejudice, confusion of the issues, witness safety, or interrogation that is repetitive or only marginally relevant. *Van Arsdall*, 475 U.S. at 679. The Confrontation Clause "guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985).

Confrontation Clause cases are subject to harmless error analysis on habeas review. *Van Arsdall*, 475 U.S. at 684; *Norris v. Schotten*, 146 F.3d 314, 330 (6th Cir.1998). Federal habeas courts must assess whether a claimed constitutional error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *see also Doan v. Brigano*, 237 F.3d 722, 736 (6th Cir.2001).

Robinson cannot show that the trial court's restriction on cross-examination had a substantial and injurious effect on the jury's verdict. First, despite the restriction, counsel was able to present his defense theory to the jury for the reasons stated by the Michigan Court of Appeals in its opinion.

Second, the evidence against Robinson was overwhelming. On the evening of May 28, 1992, Robinson was at his sister's apartment, babysitting his girlfriend's child, Lorenzo Merriweather. At that time, the sister saw that the child was suffering from a cold and had no injuries other than an old bump with a scab on his head. But at about 4:30 a.m., Robinson called the lifesquad to report that the child had breathing difficulties, and a few hours later, the child died at the hospital. A post-mortem examination revealed fresh injuries, i.e., injuries less than twelve hours old, on the child's head, bite marks on the left shoulder, bruises on the chest, abdomen, and left leg, as well as an incomplete skull fracture, a brain injury, separation of cervical vertebrae, tears in the lungs, liver, and bowel, and also injuries to the kidneys and left testicle. The medical examiner stated that the head injuries could not have been caused by an accidental fall and that the lung injuries could not have been caused by improperly administered CPR. The internal injuries to the liver and bowel "would only result from intended blunt force injuries into the abdomal [sic] region." During an interview with Officer Ellerbrake, Robinson confessed, "I killed Lorenzo because I didn't know how to care for a kid. Lorenzo would still be alive if someone else had been watching him." Thus, the trial court's restriction on the scope of cross-examination was at most harmless error.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.