**Lyndon MILLER, Petitioner—Appellee,**

v.

**Michael R. LEONARD, Warden, Respondent—Appellant.**

**No. 01–3510.**

United States Court of Appeals, Sixth Circuit.

April 3, 2003.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

JOHN R. GIBSON, Circuit Judge.

Warden Leonard appeals from the district court's orders granting Lyndon Miller relief on one of his claims for habeas relief pursuant to 28 U.S.C. § 2254 (2000). The district court concluded that Miller had received ineffective assistance of counsel based on his lawyer's acquiescence to a jury instruction that Miller asserts allowed the jurors to convict him of a drug trafficking charge by improperly considering evidence relating to an earlier drug possession charge. Considering the standards and presumptions set forth in the Antiterrorism and Effective Death Penalty Act (known as AEDPA), we reverse.

Miller was twice indicted by a Hamilton County, Ohio grand jury. The first indictment charged him with two counts of possession of marijuana on August 18, 1997. The later indictment charged him with one count of trafficking in marijuana on September 22, 1997. When the earlier case was called for trial, the prosecutor moved for joinder of both cases, and the trial court granted the motion over defense counsel's objection. The trial was brief. From opening statements through closing arguments and instructions, the trial lasted little more than five hours. Most of the state's evidence was directed to Miller's alleged possession of marijuana, and the only evidence of trafficking came from the testimony of a co-defendant, Brian Morgan.

Following his first indictment, Miller had apparently left Cincinnati, but police set up surveillance of him after being told he had returned. The surveillance operation began about 4:30 p.m. on September 22 and ended around three and a half hours later when Miller was stopped and arrested. During the surveillance, police also observed and arrested Brian Morgan, who had 25 pounds of marijuana and approximately $12,000 in his vehicle; a search of Morgan's residence revealed an additional nine pounds of marijuana and close to $15,000 in currency. Miller was never observed to be in the company of Morgan during the surveillance, and Miller had no marijuana, large sums of money, or packaging material when he was arrested. At trial, however, Morgan testified that he had obtained 37 pounds of marijuana from Miller that day, which he had taken home to weigh, and that he was on his way back to pay Miller for the purchase when he was arrested.

The jury began its deliberations at 2:25 p.m. on May 20, 1998 and continued through that afternoon. They returned the following day at 9:00 a.m. and deliberated throughout the day. Sometime during the morning of the third day the jury sent a note asking: "Can we consider the testimony re: August 18th in deliberating the facts of the case, re: September 22nd as they were presented together in testimony of the witnesses?"

When the trial judge received the note, Miller's counsel was not present because of a medical appointment. Instead, he had stand-in counsel in the courtroom to represent his client. The trial judge read the question and proposed an answer: "You have three counts or charges against the defendant. You can consider any testimony as to a count which you find to be material and relevant to the issues in that count." The prosecutor agreed with the answer. Miller's stand-in counsel replied that he had spoken with Miller's counsel the day before about the case. "I don't know much about the facts, but his instructions to me were that if there was a question coming back from the jury regarding the jury requesting to hear testimony, that that's already been presented, object to that. That's it. With respect to this question right here, it's my belief that the Judge's answer to the jury's question is

proper." Although the transcript indicates nothing more than that a recess followed, presumably the trial court's answer was given to the jury in writing.

The jurors soon notified the trial court that they had reached a verdict. At 2:10 p.m., the jury returned to the courtroom and delivered guilty verdicts on all three counts. Miller was sentenced to concurrent eight- and three-year terms for the possession counts and a consecutive three-year term on the trafficking count. In addition, he was fined $35,000.

Miller filed a direct appeal of his convictions to Ohio's First Appellate District, which affirmed the trial court. The Ohio Supreme Court denied Miller leave to appeal. Miller then filed his federal habeas corpus petition, asserting three grounds for relief. The district court dismissed the petition as to the second and third grounds, without hearing, and granted habeas relief on the first ground. The district court concluded that Miller's stand-in counsel was constitutionally ineffective in failing to object to the prejudicial response to the jury question. The Warden appeals from the order granting Miller habeas relief. We review de novo the district court's decision to grant habeas relief. *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir.2000); *Barker v. Yukins,* 199 F.3d 867, 870 (6th Cir.1999).

The parties agree that this habeas case is governed by the standards and directives of the AEDPA, as Miller filed his petition after the Act's effective date. The relevant provision is 28 U.S.C. § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The district court determined that Miller's claim was adjudicated on the merits in state court. In its review of the state court proceedings, the district court concluded that the Ohio Court of Appeals opinion was based on an unreasonable determination of the facts. Specifically, the district court disagreed with the state appellate court's "conclu[sion] that the trial court's answer to the jury's question did not materially alter the instruction first given."[1] The district court wrote:

> [W]hen later asked by the jury if it could consider the testimony relating to the August 18 offense in determining the facts relating to the September 22 offense, the trial court responded that it could consider *any* testimony which it found to be relevant to the issues in that count.... Because evidence that petitioner possessed a large amount of marijuana as well as a large sum of money on August 18 makes it more probable that he was trafficking in marijuana on September 22 than it would be without that evidence, the testimony relating to the August 18 offense was clearly relevant. Nevertheless, under Ohio Evidence Rule 404(B), such evidence should not have been considered by the jury.... The [District] Court finds the state

---

1. All of the reviewing courts and the parties concur that the trial court's first instruction was correct, as it directed the jury to "consider each count and the evidence applicable to each count separately...."

court's conclusion that it did not alter the original instruction to be unreasonable.

(emphasis in original) The district court found that stand-in counsel's failure to object to the proposed instruction was deficient performance. Without examining the trial transcript, however, the district court was unable to determine whether the deficiency had caused Miller to suffer prejudice. The parties were allowed to brief the issue and, after examining the briefs and the transcript, the district court concluded "that there is a probability sufficient to undermine confidence in the outcome that, but for counsel's error, the result of the proceeding would have been different."

Our review of the state court proceedings leads us to a different conclusion than the one reached by the district court. As we read its opinion, the Ohio Court of Appeals did not make a fact-based decision. Rather, the state appellate court examined the trial court's response to the jury question to determine first, whether, as a matter of law, the jury instruction was defective, and second, whether Miller had received ineffective assistance of counsel due to his counsel's failure to object to these instructions. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In applying *Strickland* to the trial court's proceedings under a plain error standard of review, the state appellate court concluded that stand-in counsel met the *Strickland* requirements. The Ohio Court of Appeals decision was an application of clearly established Supreme Court precedent to counsel's performance with respect to the proposed response to a jury question. Therefore, our review is governed by § 2254(d)(1), not by § 2254(d)(2).

We hold that the district court erred in granting habeas relief because the Ohio Court of Appeals decision did not involve an unreasonable application of *Strickland* to the facts of Miller's trial. Ineffective assistance of counsel occurs when counsel's performance is deficient and the deficient performance so prejudices the defense as to render the trial unfair and the result unreliable. *Strickland*, 466 U.S. at 687. The Ohio Court of Appeals determined that Miller's stand-in counsel did not perform deficiently in failing to object to the proposed answer, as the court viewed that answer to be a restatement of the earlier, correct instruction.

> While, in retrospect, the better choice might have been simply to re-read the pertinent part of the charge rather than to have paraphrased it, we cannot conclude that the trial court's answer to the jury's question materially altered the instruction first given, bearing in mind the limitations of the application of the concept of plain error.

Having determined that counsel's performance was not deficient, the Ohio Court of Appeals had no need to continue to the question of prejudice a *Strickland* analysis.

That court's decision will be deemed an "unreasonable application" of *Strickland* if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). "[E]ven if we believe that a state court incorrectly applied federal law, we must refuse to issue the writ of habeas corpus if we find that the state court's decision was a reasonable one." *Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000); *see also Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir.2000).

The district court ruled that the state appellate court's denial of Miller's direct appeal was based on an unreasonable determination of the facts. Specifically, it

concluded that the Ohio Court of Appeals's finding that "the trial court's answer to the jury's question did not materially alter the original instruction given the jury is unreasonable." It thus held that Miller's counsel was deficient because he did not object to the supplemental jury instruction.

There are two problems with the district court's finding that the supplemental jury instruction materially differed from the original instruction. First, the district court elided over the words "as to a count" in the supplemental instruction. These words were crucial, because they instructed the jury that it may not, as the district court believed, "consider *any* testimony which it found to be relevant." (Emphasis added.) Rather, the supplemental instruction admonished the jury that it may "consider any testimony *as to a count*" that it found to be relevant to the issues in that count. (Emphasis added.)

Second, the district court did not explain why it concluded that the state court's determination was unreasonable, as opposed to merely incorrect. There is no doubt that the best answer that the state trial court could have given to the jury's inquiry was simply "No." But the actual answer given was determined by the Ohio Court of Appeals to be the equivalent of "No." And even if we were to agree that the supplemental instruction did, in fact, materially alter the original instruction, we do not believe that the state appellate court's finding to the contrary was unreasonable.

The burden is on Miller to show that the Ohio Court of Appeals applied *Strickland* to the facts of his case in an objectively unreasonable manner,[2] and we are not free

to substitute our judgment for that of the Ohio Court of Appeals. *Woodford v. Visciotti*, 537 U.S. 19, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002). Given the strictures of § 2254(d)(1), habeas relief cannot be granted to Miller on the grounds that he received ineffective assistance from stand-in counsel who failed to object to the trial court's response to a jury question.

The district court judgment is reversed and this case is remanded for entry of an order denying Miller's petition.

---

2. Miller's burden is not one of clear and convincing evidence, however. *Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1043, 154 L.Ed.2d 931 (2003) ("AEDPA does not require petitioner to prove that a decision is objectively unreasonable by clear and con-

vincing evidence. The clear and convincing evidence standard is found in § 2254(e)(1), but that subsection pertains only to state-court determinations of factual issues, rather than decisions.").