**Robert Bradley LANCKTON,**
**Petitioner–Appellant,**

v.

**David TRIPPETT, Warden,**
**Respondent–Appellee.**

No. 00–1082.

United States Court of Appeals,
Sixth Circuit.

June 18, 2001.

Before RYAN and BATCHELDER, Circuit Judges; and MATIA *, Chief District Judge.

PER CURIAM.

Robert Bradley Lanckton, a Michigan state prisoner, appeals an order entered by the district court on December 22, 1999, denying the application for a writ of habeas corpus he filed pursuant to 28 U.S.C. § 2254.

Lanckton was convicted by a jury of first degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b, involving his minor son. He subsequently pleaded guilty to habitual offender-second, MICH. COMP. LAWS § 769.10, and the trial court sentenced him to eighteen to forty years imprisonment. Lanckton's post-conviction motions were denied by the trial court. Following the direct appeal of his conviction in the Michigan courts, Lanckton challenged his conviction and sentence in his petition filed in federal court.

On appeal, Lanckton claims that: 1) he was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel through his trial counsel's serious errors; and 2) he was denied his Fourteenth Amendment due process right to a fair trial through the cumulative effect of trial errors.

The district court reviewed the petition under the standard of review set forth in *Nevers v. Killinger*, 169 F.3d 352, 361–62 (6th Cir.), *cert. denied*, 527 U.S. 1004, 119 S.Ct. 2340, 144 L.Ed.2d 237 (1999). In *Nevers* and *Maurino v. Johnson*, 210 F.3d 638, 643–44 (6th Cir.), *cert. denied*, 531 U.S. 979, 121 S.Ct. 427, 148 L.Ed.2d 435 (2000), we adopted the "debatable among reasonable jurists" standard. The Supreme Court expressly disavowed this standard of review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1498, 146 L.Ed.2d 389 (2000); *Harris v. Stovall*, 212 F.3d 940, 942–43 (6th Cir.2000).

In *Williams*, the Supreme Court clarified the distinction between a decision "contrary to," and an "unreasonable application of," clearly established Supreme Court law under 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" Supreme Court precedent if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id.* at 405–406, 120 S.Ct. 1495. A state court decision involves an unreasonable application of clearly established Federal law only where "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409, 120 S.Ct. 1495. A federal habeas court may not find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411, 120 S.Ct. 1495. *Palazzolo v. Gorcyca*, 244 F.3d 512, 515–16 (6th Cir.2001). Therefore, we have reviewed the instant appeal under the appropriate standard of review set forth in *Williams*.

We conclude that the district court properly denied Lanckton's habeas corpus petition for the reasons set forth in the well-reasoned opinion of the district court entered on December 22, 1999, which (with the exception of the standard of review applied) we adopt as our own. Therefore,

---

* The Honorable Paul R. Matia, Chief United States District Judge for the Northern District of Ohio, sitting by designation.

the judgment of the district court is AFFIRMED.