**Donald SIMMONS, Petitioner–Appellant,**

v.

**Kurt JONES, Respondent–Appellee.**

**No. 02–1249.**

United States Court of Appeals, Sixth Circuit.

May 19, 2003.

Before: GUY, BOGGS, and DAUGHTREY, Circuit Judges.

*ORDER*

Donald Simmons appeals a district court judgment that denied his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the Detroit, Michigan, Recorder's Court in 1997, Simmons was convicted of armed robbery and felonious assault, and Simmons was sentenced to concurrent terms of 20–30 years of imprisonment and 2–4 years of imprisonment, respectively. The Michigan Court of Appeals affirmed Simmons's convictions on direct appeal, *see People v. Simmons*, No. 204006, 2000 WL 33538542 (Mich.Ct. App. Jan.21, 2000), and the Michigan Supreme Court denied delayed application for leave to appeal.

Next, Simmons filed his federal habeas petition in the district court asserting as grounds for relief that: (1) the police arrested him without probable cause following an illegal warrantless entry into his home; (2) the trial court improperly refused to suppress an impermissibly suggestive identification of him; (3) the prosecution withheld exculpatory evidence; (4) the prosecutor elicited testimony in violation of a pretrial order and made improper remarks during closing argument; (5) newly available evidence warrants a new trial; and (6) he received ineffective assistance of counsel. The state responded in opposition to the petition, and Simmons filed a rebuttal. The district court denied the petition as meritless, and Simmons filed a timely notice of appeal. Thereafter, the district court granted Simmons a certificate of appealability with respect to his claims that: (1) the trial court improperly refused to suppress an impermissibly suggestive identification of him; (2) the prosecutor elicited testimony in violation of a pretrial order and made improper remarks during closing argument; (3) newly available evidence warrants a new trial; and (4) he received ineffective assistance of counsel. This court subsequently denied Sim-

mons a certificate of appealability with respect to his remaining claims. On appeal, Simmons essentially reiterates the four claims certified for appeal by the district court. The state responds that Simmons's claims do not warrant habeas corpus relief because they were rejected by the state court of appeals on the merits in a reasonable decision.

Upon de novo review, *see Griffin v. Rogers*, 308 F.3d 647, 650–51 (6th Cir.2002); *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir.2000), we affirm the judgment for the reasons stated by the district court in its opinion and order filed February 13, 2002.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.