**Charles LOTT, Petitioner–Appellant,**

v.

**Jimmy STEGALL, Warden, Respondent–Appellee.**

No. 03–1150.

United States Court of Appeals, Sixth Circuit.

Sept. 22, 2003.

Charles Lott, New Haven, MI, pro se.

Brad H. Beaver, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before MERRITT, MOORE, and GILMAN, Circuit Judges.

## ORDER

Charles Lott appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a bench trial in the Detroit Recorder's Court in 1988, Lott was convicted of second degree murder and felony firearm, and was sentenced to life imprisonment plus a consecutive two year term of imprisonment, respectively. Lott did not appeal his conviction, although he contends that his attorney agreed to file an appeal on his behalf. Over six years after his conviction, the trial court appointed the State Appellate Defender's Office to repre-sent Lott after a prison legal assistant submitted a request to the trial court for the appointment of counsel to represent Lott. On June 14, 1996, counsel filed a motion for relief from judgment, which the trial court subsequently denied. Counsel for Lott then filed a motion for a rehearing and a motion to reinstate Lott's claim of appeal. The trial court denied the motion for a rehearing, but on September 27, 1996, the chief judge of the Detroit Recorder's Court granted the motion to reinstate Lott's claim of appeal.

Lott filed what he styled as his appeal of right with the Michigan Court of Appeals on June 5, 1997. The Michigan Court of Appeals remanded the case to the trial court for an evidentiary hearing with respect to whether Lott's trial attorney represented to Lott following trial that he would appeal the conviction on Lott's behalf. Contemporaneously, Lott filed an application for leave to appeal the trial court's denial of his motion for relief from judgment. Following the evidentiary hearing, the trial court concluded that counsel did not tell Lott that he would appeal the conviction, and the Michigan Court of Appeals subsequently dismissed Lott's appeal for lack of jurisdiction on August 7, 1998. The Michigan Court of Appeals also denied Lott's motion for a rehearing and his delayed motion for leave to appeal the denial of his motion for relief from judgment. The Michigan Supreme Court denied leave to appeal in both cases on September 28, 1999.

Lott filed his federal habeas petition and a memorandum in support in the district court, asserting as grounds for relief that: (1) he did not waive his right to a jury trial; (2) insufficient evidence supports his second degree murder conviction as either principal or accomplice; and (3) the trial court violated his right of confrontation when it allowed an absent wit-

ness's preliminary examination testimony to be read at trial. After the state filed an answer in opposition, the magistrate judge recommended that Lott's claims be denied as procedurally barred and that the district court deny Lott a certificate of appealability. Over Lott's objections and after a hearing on the objections, the district court adopted the magistrate judge's recommendation in pertinent part and dismissed the petition as meritless. However, the district court rejected the magistrate judge's recommendation that it deny Lott a certificate of appealability, and granted Lott a certificate with respect to all of his claims. Lott filed a timely notice of appeal pro se.

On appeal, Lott reiterates his claims for habeas corpus relief and contends that his procedural default of the claims in the state courts should be ignored to avoid a miscarriage of justice. The state responds that review of Lott's claims is barred by procedural default and contends that Lott's petition is barred under the applicable statute of limitations. Upon de novo review, *see Griffin v. Rogers,* 308 F.3d 647, 650–51 (6th Cir.2002); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir.2000), we affirm the judgment for the reasons stated in the magistrate judge's report and recommendation filed August 29, 2002, and in the district court's memorandum and order adopting the report and recommendation filed January 14, 2003. Lott acknowledged that he procedurally defaulted his claims in the state courts and that he cannot show cause and prejudice to excuse the default. *See Coleman v. Thompson,* 501 U.S. 722, 740, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Habeas corpus review of those claims is barred by procedural default because Lott has not shown new reliable evidence of his actual innocence needed to fall within the exception to avoid manifest injustice. *See Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Murray v. Carrier,* 477 U.S.

478, 495–96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Under these circumstances, the district court properly dismissed the petition. Because the district court properly dismissed Lott's petition on this basis, this court need not reach the state's assertion on appeal that Lott's petition also is barred under the statute of limitations.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.