**Robert D. MARINE, Jr., Petitioner–Appellant,**

v.

**Lawrence MACK, Warden, Respondent–Appellee.**

No. 03–3142.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2004.

Robert D. Marine, Jr., pro se, London, OH, for Petitioner–Appellant.

Thelma Thomas Price, Office of the Attorney General, Columbus, OH, for Respondent–Appellee.

Before MARTIN, RYAN, and MOORE, Circuit Judges.

## ORDER

Robert D. Marine, Jr., appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the Union County Court of Common Pleas in 2000, Marine was convicted of two counts of kidnapping, two counts of abduction with firearm specifications, and one count of carrying a concealed weapon. The kidnapping and abduction convictions were merged for sentencing purposes, and Marine was sentenced to three consecutive terms of three years of imprisonment, plus a concurrent term of six months of imprisonment. The Ohio Court of Appeals affirmed the convictions on appeal, but vacated the imposition of consecutive sentences. *State v. Marine*, 141 Ohio App.3d 127, 750 N.E.2d 194 (2001). The Ohio Supreme Court denied Marine leave to appeal. *State v. Marine*, 92 Ohio St.3d 1414, 748 N.E.2d 547 (2001) (table). The trial court then resentenced Marine to two consecutive three year terms of imprisonment, plus one concurrent term of six months of imprisonment.

Thereafter, Marine filed the instant federal habeas corpus petition in the district court asserting related claims that: (1) the evidence adduced at trial does not support

his kidnapping convictions; and (2) he is innocent of kidnapping. The state filed a return of the writ, and Marine filed a traverse. The magistrate judge recommended that the petition be dismissed as without merit, and Marine filed objections. The district court adopted the magistrate judge's recommendation and dismissed the petition. Marine filed a timely notice of appeal, and the district court granted Marine a certificate of appealability.

Generally, this court reviews de novo a district court judgment dismissing a habeas corpus petition. *Griffin v. Rogers,* 308 F.3d 647, 650–51 (6th Cir.2002); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir.2000). Pursuant to 28 U.S.C. § 2254(d), a district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Here, the state court of appeals rejected, in a decision that was not unreasonable, Marine's claim that insufficient evidence exists to support his kidnapping convictions.

The facts pertinent to this case were summarized by the Ohio Court of Appeals, and need not be reiterated at length herein. Essentially, Marine drew a handgun from his jacket as he was being arrested by two police officers, forcing the officers to take "cover." In pertinent part, Ohio's kidnapping statute provides that "[n]o person, by force, threat or deception ... shall ... restrain another ... [t]o hinder, im-

pede, or obstruct a function of government." *See* Ohio Rev.Code § 2905.01(A)(5); *Marine,* 750 N.E.2d at 197–98. Here, Marine argues that no evidence exists that he "restrained" the police officers involved. The Ohio Court of Appeals concluded that, although reasonable minds could differ, a rational trier of fact could have found restraint when the evidence is viewed in the light most favorable to the prosecution. Thus, the court applied the proper standard of review to Marine's claim. *See Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Moreover, the district court correctly concluded that Marine cannot show that the state court's decision rejecting his claim on the merits was unreasonable. *See Williams,* 529 U.S. at 412–13. Finally, the district court correctly concluded that Marine's related claim that he is innocent of kidnapping, standing alone, does not provide an independent basis for habeas corpus relief in the absence of an underlying constitutional violation. *See Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Under these circumstances, the district court properly dismissed Marine's habeas corpus petition as meritless.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.