**Kim COBURN, Petitioner–Appellant,**

v.

**Carol HOWES, Respondent–Appellee.**

**No. 03–1905.**

United States Court of Appeals,
Sixth Circuit.

March 24, 2004.

Before: BATCHELDER and
GIBBONS, Circuit Judges; and BEER,
District Judge.*

*ORDER*

Kim Coburn, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Coburn was convicted of two counts of second degree criminal sexual conduct and two counts of distributing ob-

---

* The Honorable Peter Beer, United States District Judge for the Eastern District of Louisi-    ana, sitting by designation.

scene material to minors. He was sentenced to twelve to twenty-two and one-half years of imprisonment on each of the sexual conduct charges and sixteen to twenty-four months on each of the distribution charges. The sentences were to be consecutively served.

After exhausting his available state court remedies, Coburn filed his habeas corpus petition with the district court. Coburn raised one issue in his habeas corpus petition. Coburn argued that his constitutional rights to present a defense, confront witnesses against him, and to have compulsory process afforded him were violated when the trial court narrowly construed a state evidentiary rule. The district court denied the petition as without merit. In his timely appeal, Coburn raises the same issue which he presented to the district court.

A federal court is authorized to grant a writ of habeas corpus to a state prisoner who is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This court reviews a district court's decision in a habeas proceeding de novo. *See Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir.2000).

In *Staley v. Jones,* 239 F.3d 769, 775 (6th Cir.2001), the court noted:

In *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Supreme Court explained the proper application of § 2254(d)(1). The Court held that a decision of a state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.,* 120 S.Ct. at 1523. The Court also held that an "unreasonable application" occurs when "the state

court identifies the correct legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A state adjudication is not "unreasonable" "simply because [the federal] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 1522.

Coburn asserts that excluding the testimony of teacher Margaret Wilson and his pre-trial attorney, Nancy Bates Rickel, deprived him of the right to present a defense, the right to confront the witnesses against him, the right to compulsory process, and the right to a fair trial. Erroneous evidentiary rulings do not automatically rise to the level of constitutional error sufficient to warrant an issuance of a writ of habeas corpus. The writ is issued only where the petitioner can show that the error deprived him of a fair trial. A habeas court will generally not question errors in the application of state law, especially evidentiary rulings concerning the admission and exclusion of evidence. *Cooper v. Sowders,* 837 F.2d 284, 286 (6th Cir.1988). Federal habeas corpus relief is only warranted where a violation of a state's evidentiary rule results in the denial of fundamental fairness and, therefore, a violation of due process. *Id.* It is the materiality of the excluded evidence to the presentation of the defense that determines whether an individual has been denied a fundamentally fair trial. *Id.*

Coburn contends that excluding Wilson's testimony that Nina Schwartz, an accuser, had a reputation of being a chronic liar in her school denied him due process. He contends that the decision of the Michigan Court of Appeals in finding this error harmless was contrary to, or an unreasonable application of, federal constitutional law. The excluded evidence concerned the

reputation of Schwartz who was twelve at the time of the incident and thirteen at the time of the trial. The proffered evidence concerned Schwartz's reputation at school as a chronic liar when she was ten years old. The only specific incidents of alleged untruthfulness involving Schwartz were her claims that she visited Paris, France; that people in Paris spoke English, not French; and that she did not need a passport to go there.

■ The district court noted that lying about an individual's travels and life experiences to impress or entertain others is a far cry from falsely accusing an individual of a crime. There was no evidence that Schwartz's lying ever included falsely accusing anyone of a crime or sexual misconduct. Further, there was no evidence that her reputation included any malicious lies that harmed any person's actual interests. Given the evidence, it cannot be said that the jury's verdict was of such "questionable validity, [that the] additional evidence of relatively minor importance," which the excluded reputation of veracity constituted, was "sufficient to create reasonable doubt." *United States v. Agurs,* 427 U.S. 97, 113, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Thus, the decision of the Michigan Court of Appeals finding that the exclusion of the proffered reputation of veracity evidence was harmless is not contrary to, or an unreasonable application of, federal constitutional law. *Staley,* 239 F.3d at 775. Consequently, this claim does not entitle Coburn to habeas relief.

■ Coburn's claim that he was denied a fair trial by the exclusion of the proffered testimony of his pre-trial attorney also does not merit habeas relief. There is no allegation that Rickel heard one or both complainants state that their allegations against Coburn were false or fabricated. Coburn only alleges that the girls were laughing, pointing to Coburn, and remarking about how he was in big trouble. These remarks do not reflect on the truthfulness of the accusers' accusations. The admission of this excluded evidence would not have been sufficient to create reasonable doubt, or a reasonable probability that the outcome of Coburn's trial would have been different.

The Supreme Court has held that on habeas review of federal constitutional trial errors, the reviewing court must determine that the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Federal courts are to follow *Brecht* when reviewing habeas corpus petitions of alleged constitutional trial errors. Furthermore, the harmless error standard announced in *Brecht* applies even if a federal habeas corpus court is the first to review the harmless error. *Gilliam v. Mitchell,* 179 F.3d 990, 995 (6th Cir.1999). The alleged constitutional violations in excluding the proffered evidence of Wilson and Rickel had no reasonable possibility of having a substantial and injurious effect in determining the jury's verdict.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.