**Thomas Loyd SCOTT, Petitioner–Appellant,**

v.

**Frank ELO, Respondent–Appellee.**

**No. 03–1877.**

United States Court of Appeals, Sixth Circuit.

March 25, 2004.

Before: BATCHELDER and GIBBONS, Circuit Judges; and BEER, District Judge.*

*ORDER*

Thomas Scott appeals a district court judgment that denied his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule

---

* The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation.

34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

A jury convicted Scott of unarmed robbery. Mich. Comp. Laws § 750.530 (2004). The trial court found him an habitual offender, fourth offense, and gave him a fifteen-to-thirty-year sentence. On direct appeal, the state court of appeals affirmed his conviction, but – holding that he was only a second-time offender – remanded for resentencing. On remand, the trial court sentenced Scott to seven-and-a-half to twenty-two-and-a-half years. The Michigan Supreme Court denied leave to appeal the nonsentencing issues.

Scott petitioned for federal habeas relief; the magistrate judge recommended denying the petition; Scott objected; and the district court – adopting the magistrate judge's report, with modifications – denied relief. Scott timely appealed, and the district court granted a certificate of appealability on one claim: whether trial counsel was ineffective in not moving to suppress allegedly tainted identifications.

As Scott filed his federal petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards govern. *Lindh v. Murphy,* 521 U.S. 320, 326–27, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Generally, we review de novo a district court's disposition of a habeas corpus petition. *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir.2000). State court rulings are usually reviewed under a far more deferential standard. A habeas petition should not be granted on any claim that was adjudicated on the merits in state court unless the adjudication resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable deter-

mination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). Section 2254(d)(1)'s contrary-to/unreasonable-application analysis does not apply, however, to a claim the state court resolved without deciding the relevant federal constitutional issue. Instead, if the federal court reaches that issue's merits, it reviews them under pre-AEDPA law (de novo review applied to mixed questions of law and fact). *Maples v. Stegall,* 340 F.3d 433, 436–37 (6th Cir. 2003).

To prevail on his ineffective assistance claim, Scott must show that (1) his counsel's performance was so deficient as to "fall below an objective standard of reasonableness," and (2) the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test for determining prejudice is whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* at 694. If a petitioner fails to satisfy either prong of the *Strickland* test, a court need not consider the other. *Id.* at 697.

The state appeals court denied Scott's ineffectiveness claim on the merits, finding that defense counsel's actions were not objectively unreasonable and did not deprive him of a fair trial. The court specifically noted that the in-court identifications presented "a credibility issue that was properly before the jury," *see People v. Barclay,* 208 Mich.App. 670, 676, 528 N.W.2d 842 (1995), and that defense counsel had vigorously attacked the ability of the witnesses to properly identify the defendant. Defense counsel's strategic decision to forego motions to suppress, opting instead to rely on cross examination to attack the weight of the witnesses' testimony, was reasonable conduct that falls

within the "wide range of professional competent assistance" permitted by *Strickland,* 466 U.S. at 690. Because Scott fails to satisfy the first prong of the *Strickland* test, we need not address the issue of prejudice.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.