**Antonio JONES, Petitioner–Appellant,**

v.

**Barbara BOCK, Warden, Respondent–Appellee.**

No. 02–1986.

United States Court of Appeals, Sixth Circuit.

Aug. 5, 2004.

---

Melvin Houston, Detroit, MI, for Petitioner–Appellant.

Antonio Jones, Ionia, MI, pro se.

Ana I. Quiroz, Wayne County Prosecutor's Office, Detroit, MI, Brenda E. Turner, Office of the Attorney General, Habeas Corpus Division, Lansing, MI, for Respondent–Appellee.

Before CLAY and GILMAN, Circuit Judges; and O'MALLEY, District Judge.*

## ORDER

Antonio Jones, a pro se Michigan prisoner, appeals a district court judgment dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, a jury convicted Jones of second-degree murder, assault with intent to commit great bodily harm less than murder, and felony firearm. He was sentenced to concurrent prison terms of 15 to 25 years and 5 to 10 years for the first two offenses, and to a consecutive term of 2 years for the third offense. The Michigan Court of Appeals affirmed his convictions on direct appeal on October 5, 1999, and the Michigan Supreme Court denied his delayed application for leave to appeal on May 31, 2000, and his motion to reconsider on August 22, 2000.

In his petition, Jones asserted that: 1) the prosecutor committed misconduct by arguing that Jones must be guilty because he began contacting alibi witnesses months before he was arrested; 2) the jury instruction on reasonable doubt was defective; 3) trial counsel rendered ineffective assistance by, inter alia, neither reopening proofs to introduce evidence of the date the arrest warrant was issued, nor asking the court to take judicial notice of that date; 4) he was deprived of due process by the cumulative effect of the aforementioned errors; and 5) he was deprived of

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

due process when the trial court imposed an excessive sentence out of apparent vindictiveness for Jones's exercise of his right to a jury trial. This court granted a certificate of appealability as to the ineffective assistance claim described above.

In his timely appeal, Jones reasserts the certified issue. He argues that his trial counsel rendered ineffective assistance by neither reopening proofs to introduce evidence of the date the arrest warrant was issued, nor asking the court to take judicial notice of the date, after the jury had sent a note requesting the information. Jones contends that if the jury had known that the arrest warrant had been issued before the defense was contacting possible alibi witnesses, the jury would not have convicted him.

Ineffective assistance of counsel claims are mixed questions of law and fact, which this court reviews de novo on appeal. *Strickland v. Washington,* 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Mallett v. United States,* 334 F.3d 491, 497 (6th Cir.2003), *cert. denied,* — U.S. —, 124 S.Ct. 1109, 157 L.Ed.2d 938 (2004).

Upon review, we conclude that the district court properly dismissed the petition because the state court proceedings did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *see also Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir.2000). The Michigan Court of Appeals rejected Jones's claim, reasoning:

> [B]ecause no testimony was presented at trial regarding when defendant learned that an arrest warrant had been issued, evidence of when it issued would not necessarily counter the prosecution's argument. The jury would, nonetheless, have been faced with deciding whether defendant's efforts to secure alibi witnesses indicated a consciousness of guilt.

On this record, we cannot conclude that the result of the proceedings would have been different had the jury learned of the date the warrant issued.

*People v. Jones,* No. 206963, 1999 WL 33435347, at *5 (Mich.Ct.App. Oct. 5, 1999) (unpublished opinion). In light of the overwhelming evidence against Jones, it was not unreasonable for the state court to conclude that the outcome of the proceedings would not have been different had counsel introduced evidence of the date the arrest warrant was issued. *See Strickland,* 466 U.S. at 687–94. Curtis Williams, a lifelong acquaintance of Jones, identified Jones at trial and testified that he had witnessed the shootings underlying the charges. Williams's testimony was corroborated by other witnesses as well as by the seizure of a vehicle and firearms involved in the shootings.

Accordingly, the district court's judgment is affirmed.