NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0060n.06
Filed: January 16, 2008

Case No. 05-2718

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| HERBERT NEWMAN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| DOUG VASBINDER, Warden, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: BATCHELDER, MOORE and COLE, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Petitioner-Appellant Herbert Newman

("Newman") appeals the district court's ruling that his trial counsel, June Porter ("Porter"), was not

constitutionally ineffective and denying his claim for habeas relief. We granted a Certificate of

Appealability ("COA") on one issue: whether Porter rendered ineffective assistance of counsel

because she failed to seek an agreement with the prosecutor permitting Newman to plead guilty to

second-degree murder. Because we find that Porter's representation did not fall below the standard

set in *Strickland v. Washington*, 466 U.S. 668 (1984), we **AFFIRM** the judgment of the district

court.

**I. BACKGROUND**

On July 30, 1996, Newman shot and killed his girlfriend and mother of his three children,

Kristina Bell ("Bell"). The police later determined that Newman shot Bell twice; once in the middle

of her back and once in the back of the head. Bell had also suffered several injuries prior to her death, evidenced by bruising on her hand, chest, face and head.

Newman contended that he had accidentally shot Bell, and prior to trial, Porter offered to have him plead guilty to manslaughter — a plea consistent with Newman's claim. The prosecutor, Tom Beadle ("Beadle"), rejected the offer outright, saying that a plea to manslaughter and the corresponding sentence of 3 - 15 years would be "totally unacceptable." Beadle did not make any counteroffer in response.

The facts adduced at trial led the jury to conclude that the shooting was not accidental and that Newman acted with premeditation, and the jury convicted him on one count of first-degree murder and one count of using a firearm in the commission of a felony. Newman received a life sentence as a result of the murder conviction.

At an evidentiary hearing on Newman's motion for a new trial, Beadle testified that he kept an open mind about plea deals, and that if Porter had offered to have Newman plead guilty to second-degree murder and a sentence of 30-50 years incarceration, he would have relayed that offer to his supervisor. Porter and Beadle never specifically discussed a second-degree murder plea, however, because Porter took Beadle's statements during their plea conversations to mean that he would not have accepted anything less than a plea to first-degree murder. Therefore, she assumed second-degree murder would be "out of the equation" and never brought it up with Beadle.

Newman raised — among other things — an ineffective-assistance-of-counsel claim in Michigan state court to no avail, and after exhausting all of his state court remedies, Newman filed for a writ of habeas corpus in federal court.

## II. STANDARD OF REVIEW

2

We review de novo the district court's denial of a writ of habeas corpus. *Souter v. Jones*, 395 F.3d 577, 584 (6th Cir. 2005) (quoting *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000)). Because this habeas petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we would ordinarily review the petition under the deferential standard contained in 28 U.S.C. § 2254(d). But as the district court correctly pointed out, the state courts, while addressing one part of Newman's ineffective-assistance-of-counsel claim (as to which we did not grant a COA, and which we therefore do not address), failed to address on the merits the ineffective assistance claim before us here. Accordingly, the deferential AEDPA standard of review is not applicable. *Id.* Further, because claims of ineffective assistance of counsel are mixed questions of law and fact, *Mapes v. Tate*, 388 F.3d. 187, 190 (6th Cir. 2004), we review de novo the district court's judgment on this claim, *see Souter*, 395 F.3d at 584.

## III. ANALYSIS

An ineffective-assistance-of-counsel claim requires the claimant to establish two components: (1) that counsel's performance was deficient; and (2) that counsel's deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 687. "[T]he proper standard for attorney performance is that of reasonably effective assistance," *id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (quotation marks and internal citations omitted). As the Court made clear in *Strickland*, and has reiterated many times since, those "prevailing professional norms" are the norms in place at the time counsel renders the now-challenged assistance. *Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's

3

perspective at the time."); *see also Rompilla*, 545 U.S. at 381 ("In judging the defense's investigation, as in applying *Strickland* generally, hindsight is discounted by pegging adequacy to counsel's perspective at the time investigative decisions are made." (quotation marks and citations omitted)); *Wiggins v. Smith*, 539 U.S. 510, 523 (2003) ("[W]e must conduct an objective review of [counsel's] performance, measured for reasonableness under prevailing professional norms, which includes a context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time." (quotation marks and internal citations omitted)). At its core, the ineffective assistance of counsel analysis is based on "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. When evaluating counsel's performance, we indulge in a strong presumption that counsel's conduct was reasonable and effective. *Darden v. Wainwright*, 477 U.S. 168, 186 (1986).

To establish his claim of ineffective assistance of counsel, Newman must identify Porter's acts or omissions that he alleges were not the result of "reasonable professional judgment." *Strickland*, 466 U.S. at 690. Newman specifically argues that Porter's failure to pursue an agreement permitting him to plead guilty to second-degree murder rendered her assistance constitutionally ineffective. It is clear from the record that Porter neither approached Beadle regarding such a plea agreement nor discussed with Newman the possibility of pursuing such an agreement. Therefore, we must determine whether Porter's failure to pursue such a plea amounts to ineffective assistance, keeping in mind the strong presumption that Porter rendered "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

Adequate representation by a criminal defense attorney entails exploring possible plea negotiations and deals. *Newman v. United States*, No. 96-6326, 1998 U.S. App. LEXIS 20565 at *8 (6th Cir. Aug. 19, 1998) (citing *Holloway v. Arkansas*, 435 U.S. 475, 489-90 (1978)). Here, Porter

4

did explore plea negotiations that were consistent with Newman's claim that he accidentally shot Bell, but Beadle rebuffed her, stating that a plea to manslaughter was "totally unacceptable." That rejection led Porter to believe, erroneously, that Beadle had foreclosed the idea of any plea agreement in the case, and that pursuing further plea negotiations would be futile. This incorrect belief, however, did not render her assistance ineffective. To fairly assess Porter's representation we must "eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. It is undisputed that Beadle made no offer to Porter of a plea agreement of any kind, and while he may have been open to a plea to second-degree murder, Porter certainly did not know that at the time. Importantly, such a plea would have been wholly inconsistent with Newman's contention that he accidentally shot Bell.

Newman admits that the evidence against him in this case was "very strong." Furthermore, Beadle testified that had Porter offered a plea deal that included a corresponding sentence of at least 30 years in prison for Newman, he would have referred it to his supervisor. Beadle did not testify that he even had the authority to accept such an offer. Porter's bargaining position on behalf of Newman was markedly weak. We will not hold that an attorney rendered constitutionally deficient assistance because she did not seek a plea agreement that she reasonably believed the prosecutor would reject, and that could not be reconciled with her client's version of the facts of the offense. Accordingly, we hold that Porter's representation was not constitutionally ineffective.

## IV.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court denying Newman's petition for habeas relief.