Ronald ZUESKI, Petitioner–Appellant,

v.

Henry GRAYSON, Respondent–
Appellee.

No. 03–1217.

United States Court of Appeals,
Sixth Circuit.

Oct. 21, 2003.

Ronald Zueski, Jackson, MI, pro se.

Janet A. Van Cleve, Brenda E. Turner, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before: KEITH, DAUGHTREY, and GILMAN, Circuit Judges.

*ORDER*

Ronald Zueski moves for the appointment of counsel on appeal from a district court judgment that denied his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the Wayne County, Michigan, Circuit Court in 1999, Zueski was convicted of unarmed robbery and malicious destruction of property. Zueski was sentenced as a third habitual offender to three to fifteen years of imprisonment. The Michigan Court of Appeals affirmed the convictions on direct appeal, *People v. Zueski,* No. 221271, 2001 WL 629688 (Mich.Ct.App. May 29, 2001), and the Michigan Supreme Court denied leave to appeal. *People v. Zueski,* 465 Mich. 937, 638 N.W.2d 757 (2001) (table).

Next, Zueski filed his federal habeas petition in the district court alleging as grounds for relief that: (1) an in-court identification of him was tainted by a suggestive identification at the preliminary examination; (2) the trial court improperly ruled that prior convictions could be used to impeach his testimony; (3) the prosecution improperly vouched for the credibility of a witness in closing; and (4) he was denied effective assistance of counsel at trial. After the state filed an answer in opposition, the district court denied Zueski's petition as meritless. Zueski filed a timely notice of appeal and a request for a certificate of appealability. The district court granted Zueski a certificate of appealability with respect to the three grounds for which Zueski sought a certificate: (1) that the in-court identification of him was tainted; (2) that the trial court improperly ruled that his prior convictions could be used to impeach him; and (3) that the prosecution improperly vouched for the credibility of a witness in closing.

On appeal, Zueski reiterates all four of his claims for habeas corpus relief. The state responds that the district court properly rejected the three claims properly before this court on appeal. Upon de novo review, *see Griffin v. Rogers*, 308 F.3d 647, 650–51 (6th Cir.2002); *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir.2000), we affirm the judgment essentially for the reasons stated by the district court in its opinion and order filed February 7, 2003.

 First, the district court correctly concluded that the Michigan courts rejected Zueski's identification claim in a decision that is not unreasonable. *See Price v. Vincent*, 538 U.S. 634, 123 S.Ct. 1848, 1852–55, 155 L.Ed.2d 877 (2003); *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Further, Zueski procedurally defaulted his remaining claims that (1) the trial court improperly ruled that prior convictions could be used to impeach his testimony, (2) the prosecution improperly vouched for the credibility of a witness in closing, and (3) the trial court's felony-murder jury instruction was inadequate. The Michigan Court of Appeals correctly concluded that Zueski did not preserve for appellate review the issue of whether his prior convictions could be used because he did not testify at trial. *See Luce v. United States*, 469 U.S. 38, 43, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); *Galindo v. Ylst*, 971 F.2d 1427, 1429 (9th Cir.1992). Further, Zueski procedurally defaulted his claim that the prosecution improperly vouched for the credibility of a witness by failing to comply with Michigan's contemporaneous objection rule. *See Lancaster v. Adams*, 324 F.3d 423, 436–37 (6th Cir.2003). Zueski cannot show cause and prejudice to excuse the default of these claims or that a fundamental miscarriage of justice will occur absent review of the claims. Under these circumstances, habeas corpus relief is barred.

Finally, Zueski's appellate brief lists his ineffective assistance of counsel claim, without supporting argument, among the claims he wishes to raise on appeal. As noted, Zueski did not seek and was not granted a certificate of appealability with respect to this claim. Accordingly, this court need not consider the merits of the ineffective assistance of counsel claim. Nonetheless, it is noted that the district court correctly concluded that the claim is meritless.

For the foregoing reasons, the motion for counsel is denied, and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.