**Frederick L. TERRY, Petitioner–Appellant,**

v.

**Barbara BOCK, Respondent–Appellee.**

No. 02–2055.

United States Court of Appeals,
Sixth Circuit.

Oct. 23, 2003.

Before CLAY and COOK, Circuit Judges; and STAFFORD, District Judge.*

*ORDER*

Frederick L. Terry appeals a district court judgment that denied his petition for

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the Wayne County, Michigan, Circuit Court, Terry was convicted of two counts of first-degree felony murder and one count of armed robbery. Terry was sentenced to two terms of natural life imprisonment on the felony murder counts and ten to twenty years of imprisonment on the armed robbery count. The Michigan Court of Appeals affirmed Terry's felony murder convictions on direct appeal, but vacated the armed robbery conviction, *People v. Terry*, No. 210718, 2000 WL 33521027 (Mich.Ct. App. Mar. 28, 2000), and the Michigan Supreme Court denied leave to appeal. *People v. Terry*, 463 Mich. 934, 622 N.W.2d 64 (2000).

Next, Terry filed the instant habeas corpus petition, asserting the same four claims for relief he asserted on direct appeal, namely that: (1) he was denied due process when evidence was admitted at trial of a confession he made to police without a knowing and voluntary waiver of his constitutional rights; (2) he was denied due process when evidence of his prior bad acts was admitted at trial; (3) he was denied due process when the trial court refused to instruct the jury it must acquit Terry of felony murder if it found that he lacked specific intent to commit armed robbery; and (4) insufficient evidence supports his convictions. After the state filed an answer, the district court denied the petition as meritless. Terry filed a timely notice of appeal, and the district court granted Terry a certificate of appealability with respect to each of his claims for relief.

In his brief on appeal, Terry reasserts his claim that he was denied his constitutional rights when evidence was admitted at trial of prior bad acts. Terry requests the remaining three issues be addressed on the basis of the arguments he asserted in a brief appended to his habeas petition filed in the district court, which in turn was a photocopy of a lengthy brief his attorney filed in the Michigan Court of Appeals in support of his direct criminal appeal. The state responds that the district court properly rejected Terry's claims. Upon *de novo* review, *see Griffin v. Rogers*, 308 F.3d 647, 650–51 (6th Cir. 2002); *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir.2000), we affirm the district court's judgment.

Pursuant to 28 U.S.C. § 2254(d), a district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Here, the state court of appeals reasonably rejected Terry's claim that evidence of his other bad acts was improperly admitted at trial. *See Terry*, 2000 WL 33521027, at *2.

Finally, this court otherwise will affirm the district court's judgment on the ground that Terry has failed to adequately brief any other appellate issue. This court recently joined many other circuit courts in explicitly disallowing incorporation of documents filed in the district court by reference into appellate briefs. *See Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 453 (6th Cir.2003). Incorpo-

▮▮▮▮

ration is of particular concern where the result would permit a party to exceed page, word, and line limitations on appellate briefs. *Id.* Where a party otherwise fails to brief an issue, the argument is waived. *Id.* at 452. Mere incorporation of district court claims by reference simply does not serve as an appellate argument. *Id.; see also United States v. Elder,* 90 F.3d 1110, 1118 (6th Cir.1996) (concerning incorporation by reference under Fed. R.App. P. 28(i) and holding that issues raised by an appellant in a perfunctory manner are considered abandoned). Appellant's brief must include argument that contains the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies," and "a concise statement of the standard of review" for each contention. Fed. R.App. P. 28(a)(9); *Northland Ins. Co.,* 327 F.3d at 452.

Here, Terry seeks to incorporate arguments asserted in counsel's state court brief. However, incorporation should be denied first because counsel's state court brief alone exceeds the thirty page limit for an appellant's initial brief provided in Fed. R.App. P. 32(a)(7)(A). *Northland Ins. Co.,* 327 F.3d at 452. Terry otherwise has made no effort to substantiate his claims on appeal. Under these circumstances, Terry has waived his remaining claims for habeas corpus relief.

▮▮▮▮ Nonetheless, it is noted that Terry's remaining claims lack merit for the reasons stated by the district court. Both the Michigan Court of Appeals and the district court correctly concluded that an initial statement given by Terry to police was not the result of custodial interrogation, *see Rhode Island v. Innis,* 446 U.S. 291, 300–01, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), and that Terry's subsequent waiver of his rights before another statement was knowing, intelligent, and voluntary. *See*

*Machacek v. Hofbauer,* 213 F.3d 947, 954 (6th Cir.2000). Additionally, Terry waived his challenge to the jury instructions because he failed to object at trial, *see Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and Terry cannot show "cause" for the procedural default and actual "prejudice" resulting from the alleged error. *See Coleman v. Thompson,* 501 U.S. 722, 740–44, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Viewing the evidence presented at trial in the light most favorable to the prosecution, ample evidence exists to support Terry's convictions. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Accordingly, Terry's remaining claims lack merit, notwithstanding his waiver of those claims on appeal.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C). Rules of the Sixth Circuit.