RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0398P (6th Cir.)
File Name: 01a0398p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

CALVIN BAILEY,
    *Petitioner-Appellant,*

    *v.*

No. 00-3106

BETTY MITCHELL, Warden,
    *Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 98-07658—John W. Potter, District Judge.

Argued: June 5, 2001

Decided and Filed: November 13, 2001

Before: BATCHELDER and MOORE, Circuit Judges;
BERTELSMAN, District Judge.

---

**COUNSEL**

**ARGUED:** Alison M. Clark, PUBLIC DEFENDER'S OFFICE, OHIO PUBLIC DEFENDER COMMISSION, Columbus, Ohio, for Appellant. Jonathan R. Fulkerson,

---

*The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS LITIGATION SECTION, Columbus, Ohio, for Appellee. **ON BRIEF:** John Fenlon, PUBLIC DEFENDER'S OFFICE, OHIO PUBLIC DEFENDER COMMISSION, Columbus, Ohio, for Appellant. Jonathan R. Fulkerson, OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS LITIGATION SECTION, Columbus, Ohio, for Appellee. Calvin L. Bailey, Mansfield, Ohio, pro se.

---

## OPINION

---

BERTELSMAN, District Judge. In this appeal, Calvin Bailey seeks reversal of the district court's denial of his petition for a writ of habeas corpus. Bailey contends that he was deprived of his rights under the Confrontation Clause[1] when the trial court permitted use of videotaped depositions at trial without first finding the witnesses unavailable. Because we find Bailey admitted in court to the unavailability of the witnesses and had previously stipulated that the depositions could be read at trial, we affirm the decision of the trial court.

### PROCEDURAL AND FACTUAL BACKGROUND

On October 17, 1995, the Hancock County Grand Jury returned an indictment charging petitioner with three counts of robbery in violation of Ohio Rev. Code § 2911.02(A). On June 24, 1996, the scheduled trial date, the petitioner requested and was granted a continuance in order to hire an investigator to locate defense witnesses.[2] In anticipation of the trial, the state had brought in two witnesses from Arizona

---

[1] The Sixth Amendment to the United States Constitution provides, in part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him; . . . ."

[2] See Opin. of the State Appellate Court. (JA pp. 259-261).

(or lower court for that matter)[20] case. Accordingly, under the AEDPA, the writ must not be granted.

The decision of the district court denying the writ is AFFIRMED.

---

[20] The lower federal courts uniformly recognize the ability of the defendant to enter into voluntary and informed binding stipulations. *United States v. Plitman*, 194 F.3d 59 (2nd Cir. 1999); *United States v. Lewis*, 759 F.2d 1316 (8th Cir.) *cert. denied*, 474 U.S. 994 (1985); *United States v. Schuster*, 734 F.2d 424 (9th Cir. 1984) *cert. denied*, 469 U.S. 1189 (1985); *United States v. Stephens*, 609 F.2d 230 (5th Cir. 1980).

fingerprint or other expert would be, or that a bank was federally insured without calling a bank official to testify.

The Supreme Court has stated[19]:

Indeed, evidentiary stipulations are a valuable and integral part of everyday trial practice. Prior to trial, parties often agree in writing to the admission of otherwise objectionable evidence, either in exchange for stipulations from opposing counsel or for other strategic purposes. Both the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure appear to contemplate that the parties will enter into evidentiary agreements during a pretrial conference. See Fed.Rule Civ.Proc. 16(c)(3); Fed.Rule Crim.Proc. 17.1. During the course of trial, parties frequently decide to waive evidentiary objections, and such tactics are routinely honored by trial judges. See 21 Wright & Graham § 5032, at 161 ("It is left to the parties, in the first instance, to decide whether or not the rules are to be enforced . . . . It is only in rare cases that the trial judge will . . . exclude evidence they are content to see admitted"); see also *United States v. Coonan*, 938 F.2d 1553, 1561 (CA2 1991)(criminal defendant not entitled "to evade the consequences of an unsuccessful tactical decision" made in welcoming admission of otherwise inadmissible evidence).

Such stipulations save the taxpayers a great deal of expense. If the rule advocated by petitioner were adopted no such stipulations would be binding and, therefore, would not be made, to the great detriment of sound judicial administration.

Therefore, we conclude that the decision of the Ohio courts was neither contrary to nor an unreasonable application of the rule of *Ohio v. Roberts, supra,* or of any other Supreme Court

---

[19]*United States v. Mezzanatto*, 513 U.S. 196, 115 S. Ct. 797, 802 (1995).

to testify. Because a new trial date could not be set with any certainty and the witnesses' availability at trial could not be guaranteed, the state moved, pursuant to Rule 15 of the Ohio Rules of Criminal Procedure, to depose these two witnesses for purposes of trial. The petitioner acknowledges in his state appellate brief that his counsel did not say anything in response to the state's motion. (JA p. 125). The court granted the motion and the depositions of the two witnesses were scheduled for later that week. Petitioner and his counsel were present at the depositions, the depositions were videotaped and counsel for petitioner conducted cross-examination of the witnesses. The petitioner did not make any objections on the deposition transcripts relating to the taking of the depositions for purposes of trial. (JA pp. 352-53). The state trial court and court of appeals found as a fact that petitioner's agreement that the depositions might be taken and used was a "*quid pro quo*" for the continuance. (JA p. 260).

At trial, the petitioner had new counsel. Although the state did not secure the witnesses' presence for the trial, the petitioner did not specifically object to the state's failure to demonstrate that the witnesses were unavailable. Instead, petitioner's new counsel made a motion asking the court to exclude the depositions and require the witnesses to appear because, although prior counsel participated in the depositions, present counsel had not had the opportunity to cross- examine the witnesses. Counsel stated to the court "I understand they [the witnesses] are unavailable" and "the issue here is not whether or not as [sic] the stipulation going to withhold [sic], is the declarant unavailable, the issue is what happens when counsel, new counsel is provided to a defendant, the status of those depositions." (JA pp. 677 & 682). He further stated, "the issue I believe here is what happens when a case is passed down from one counsel to another. I am not attacking the stipulations, I was not present. When these depositions were taken, I was not present when the decision was made to take these depositions, to make the objections or any part of that at all." (JA pp. 695-96).

The court overruled petitioner's motion to exclude the depositions and permitted the videotaped depositions to be played for the jury in lieu of live testimony. After presentation of evidence, the jury returned a verdict finding petitioner guilty of all three counts of robbery.

The Ohio Court of Appeals, Third Appellate District, affirmed Bailey's convictions. (JA p. 255). On October 15, 1997, The Ohio Supreme Court dismissed Bailey's appeal from the Court of Appeals' decision. (JA p. 339). Bailey filed a § 2254 petition for a writ of habeas corpus, at issue in this case, asserting that he had been denied his Sixth Amendment right of confrontation when the trial court permitted the use of the videotaped depositions in lieu of live testimony without requiring the state to show that the witnesses were unavailable. The district court denied the petition. (JA pp. 13-14).

## DISCUSSION

### Standard of Review

The standard of review is de novo, except as hereinafter indicated. *Doan v. Brigano,* 237 F.3d 722 (6th Cir. 2001). In applying this standard it must be borne in mind that the nature of the review has been drastically changed by the Anti-Terrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2254(d) (1994 ed., Supp. 2001) (AEDPA)[3] and the

---

[3] 28 U.S.C. § 2254 reads in part:

"(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented

---

*Ohio v. Roberts* did not involve, however, a defendant who had, as a *quid pro quo* for obtaining a continuance, stipulated that the videotape deposition of out-of-state witnesses could be taken for use at trial and whose counsel had agreed at trial that the witnesses were unavailable. On the contrary, the case did allow introduction of the previous testimony because petitioner's counsel had cross-examined the witness.

Petitioner agrees that the Confrontation Clause may be waived by a defendant. Ptr. brief p. 16, citing *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709 (1969). Petitioner makes no argument that his stipulation was uninformed or coerced. Petitioner offers no challenge to the finding of the Ohio courts that his waiver was a *quid pro quo* for the granting of a continuance desired by him. Such a finding of fact could be overcome only by clear and convincing evidence.[17]

Petitioner has argued that, because he had new counsel at trial, who had not participated in the agreement to take the depositions, the prosecution was required to show the witnesses were unavailable in order to have the depositions admitted into evidence. *Ohio v. Roberts,* the very case relied on by petitioner, specifically rejects the proposition that new counsel makes any difference in this situation.[18]

We note that criminal law recognizes that a defendant may make informed stipulations that are binding once made. It is common, for example, for a defendant to stipulate that a laboratory technician would testify that a substance was a controlled substance, or what the testimony of a handwriting,

---

observe the demeanor and appearance of the witnesses, in addition to hearing their testimony." (JA p. 261.) Petitioner makes no argument that "indicia of reliability" were lacking.

[17] See Standard of Review (E), *supra.*

[18] *Roberts,* 448 U.S. at 72.

**The Application for the Writ Herein Must be Denied[15]**

As stated above, since the issue relied on by petitioner was presented to and decided by the Ohio courts, the application for the writ herein may not be granted unless one of the categories set forth in the Standard of Review, *supra,* is applicable.

Petitioner recognizes his obligations in this regard and argues that the rulings of the Ohio courts on this issue were either contrary to and/or involved an unreasonable application of the principles set forth in *Ohio v. Roberts,* 448 U.S. 56, 100 S. Ct. 2531 (1980). See Standard of Review (C)(1) and (3), *supra.*

In *Ohio v. Roberts* the Court held that the prosecution could, without violating the Confrontation Clause, introduce the testimony of a witness who was absent at trial, but had been examined and cross-examined at a preliminary hearing. The witness' whereabouts were unknown even to her family, and the Court held that the prosecutor had made reasonable efforts to locate and subpoena her. In the portion of its opinion applicable here, the Court held that "the Confrontation Clause normally requires a showing that [an absent witness] is unavailable," despite a good faith effort by the prosecution to obtain his or her attendance at trial. 448 U.S. at 66, 74.[16]

---

[15]We agree with the district court that the claim made by petitioner was not procedurally defaulted because the state courts did not base their decisions on an independent state ground. See Opin. of the District court. (JA. p. 21). We note that the district court did not have the benefit of the two *Williams* decisions discussed herein.

[16]The opinion also held that the Confrontation Clause required that there be "indicia of reliability" supporting the out-of-court testimony, such as cross-examination by defendant's counsel. *Id.* at 73-4. As the Ohio Court of Appeals noted, in this case: "Furthermore, the purpose of the Confrontation Clause, to secure Appellant's right to cross-examine the witnesses against him, was upheld during the depositions. We also note that the depositions . . . were on videotape, thus allowing the jury to

decisions of the Supreme Court of the United States interpreting that statute. The principles established by these authorities are:

The federal court may not grant relief on any claim, unless the state court decision on the law controlling that claim was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. In applying this standard:

A.   Decisions of lower federal courts may not be considered.[4]

B.   Only the holdings of the Supreme Court, rather than its dicta, may be considered.[5]

C.   The state court decision may be overturned only if:

    1.   It "[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,"[6] or;

    2.   the state-court decision "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless

---

in the State court proceeding."

[4]*T. Williams v. Taylor*, 529 U.S. 363, 120 S. Ct. 1495, 1523 (2000); *Doan v. Brigano,* 237 F.3d 722, 734 (6th Cir. 2001).

[5]*T. Williams*, 120 S. Ct. at 1523; *Harris v. Stovall*, 212 F.3d. 940, 943-44 (6th Cir. 2000) *cert. denied*, __ U.S. __, 121 S. Ct. 1415 (2001).

[6]*T. Williams,* 120 S. Ct. at 1519; *Doan,* 237 F.3d at 736; *Harris,* 212 F.2d at 944. The Supreme Court precedent must exist at the time of petitioner's direct appeal. *Schaff v. Snyder*, 190 F.3d 513, 522 (7th Cir. 1999).

arrives at a result different from [Supreme Court] precedent;"[7] or

3. "the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;"[8] or

4. the state court "either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."[9]

D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable.[10]   That is to say, that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

---

[7]*T. Williams,* 120 S. Ct. at 1519-20; *Doan*, 237 F.3d at 732-33; *McMeans v. Brigano*, 228 F.3d 674, 685 (6th Cir. 2000) *cert. denied*, __ U.S. __, 121 S. Ct. 1487 (2001).

[8]*T. Williams,* 120 S. Ct. at 1520; *Cone v. Stegall*, 2001 WL 820900 (6th Cir. 2001) (unpublished)  (*Strickland* correctly applied to facts of case).

[9]*T. Williams,* 120 S. Ct. at 1520; *Harrington v. Jackson*, 248 F.3d 1148, 2001 WL 45471 (6th Cir.) *cert. denied*, __ U.S. __, 121 S. Ct. 2251 (2001) (unpublished) (state court did not unreasonably fail to extend rights under Confrontation Clause).

[10]*T. Williams,* 120 S. Ct. at 1521; *McQuirter v. Burke*, 238 F.3d 422, 2000 WL 1720641 at *3 (6th Cir. 2000) *cert. denied*, __ U.S. __, 121 S. Ct. 1966 (2001) (unpublished); *McMeans*, 228 F.3d at 684.

---

established federal law erroneously or incorrectly."[11] "[A]n unreasonable application of federal law is different from an incorrect or erroneous application of federal law."[12]

E.    Findings of fact of the state courts are presumed to be correct.  "The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."[13]

As part of the AEDPA Congress also included 28 U.S.C. § 2254(e), relating to granting evidentiary hearings in the federal habeas court.  Since petitioner has made no claim for an evidentiary hearing, his claim having been fully developed in state court, the interpretation of these provisions is not before us at this time.[14]

---

[11]*T. Williams*, 120 S. Ct. at 1522; *Seymour v. Walker*, 224 F.3d 542, 554 (6th Cir. 2000) *cert. denied*, __ U.S. __, 121 S. Ct. 1643 (2001); *Sanders v. Freeman*, 221 F.3d 846, 852 (6th Cir.) *cert. denied*, __ U.S. __, 121 S. Ct. 571 (2000).

[12]*T. Williams,* 120 S. Ct. at 1523; *Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000) *cert. denied*, __ U.S. __, 121 S. Ct. 808 (2001).

[13]28 U.S.C. § 2254(e)(1) (1994 ed. 2001 Supp.); *Seymour*, 224 F.3d at 552; *Sanders*, 221 F.3d at 852.

[14]Section 2254(e) was interpreted by the Supreme Court of the United States in *M. Williams v. Taylor*, 529 U.S. 420, 120 S. Ct. 1479 (2000).