IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT
{¶ 8} Relator, Leo E. Scruggs, filed this action in mandamus asking the court to issue a writ compelling respondents to provide copies of documents regarding a search and seizure that took place on November 12, 1998, at 1973 Denune Avenue. The court previously dismissed Judge Lisa L. Sadler under Civ.R. 12(B) but remanded the matter to the magistrate for further proceedings as to the remaining respondent, Judge Michael T. Brandt.
{¶ 9} This action is before the court on the motion of Judge Brandt for summary judgment under Civ.R. 56. The magistrate concludes that not only has the action in mandamus been rendered moot, but, in addition, the uncontroverted evidence shows no duty on the part of Judge Brandt nor any failure of duty by Judge Brandt. Accordingly, the court should grant summary judgment in favor of respondent.
{¶ 10} Procedural History:
{¶ 11} 1. The essential facts of this matter are set forth in the court's memorandum decision rendered March 19, 2002. Some of those facts are reviewed here, and the procedural history is updated.
{¶ 12} 2. In April 2000, Judge Sadler filed a motion to dismiss on the grounds of there being no duty on her part. In addition, Judge Sadler produced several documents: (A) a warrant to search 1973 Denune Avenue signed by Judge Brandt on September 1, 1998; (B) an affidavit supporting issuance of the warrant, sworn before Judge Brandt on September 1, 1998; (C) a receipt and inventory listing items taken when the warrant was executed September 2, 1998; and (D) a document titled "98/794, Franklin Country Municipal Court * * * State of Ohio v. 1973 Denune Avenue," filed October 29, 1998.
{¶ 13} 3. In his memorandum opposing dismissal, relator noted that these documents were not the ones he sought in his complaint. He explained that he was seeking documents regarding a search on November 12, 1998, at 1973 Denune Avenue. Relator also amended his complaint to add Judge Brandt as a party.
{¶ 14} 4. On May 23, 2001, Judge Brandt filed an answer, attaching four documents: (A) an inventory of items taken from Leo E. Scruggs on July 16, 1998, at 2116 Schenley; (B) an arrest warrant in State v. Scruggs, case No. 98CR-6992, for the crime of aggravated robbery, filed December 15, 1998; (C) a form showing the executed arrest warrant, filed December 18, 2001; and (D) a property disposition form regarding items taken at 2116 Schenley on July 16, 1998.
{¶ 15} 5. On May 31, 2001, relator filed a "reply" to this answer, noting that these documents were not the ones he was seeking, and reiterating that he sought documents regarding a search on November 12, 1998, at 1973 Denune Avenue.
{¶ 16} 6. On August 2, 2001, Judge Brandt filed a motion for judgment on the pleadings. On August 14, 2001, relator opposed it, reiterating that he sought documents regarding a search on November 12, 1998, at 1973 Denune Avenue.
{¶ 17} 7. In September 2001, the magistrate rendered a decision recommending dismissal based on failure to comply with R.C. 2969.25. On objection to the panel, however, relator cured the defects and the panel addressed the merits of both respondents' motions.
{¶ 18} 8. On March 19, 2002, the court issued a memorandum decision granting Judge Sadler's motion to dismiss but denying Judge Brandt's motion for judgment on the pleadings, and remanded the matter to the magistrate for further proceedings.
{¶ 19} 9. However, on March 21, 2002, the court granted relator's motion to hold the action in abeyance. Relator had asked for a stay because his attorney in a federal action informed him that she had located the documents relating to the November 12, 1998 search at 1973 Denune Avenue.
{¶ 20} 10. Relator's motion to hold in abeyance included copies of letters from the attorney, including a letter dated January 15, 2002, in which counsel stated in part:
{¶ 21} "As you can see from the additional enclosures, I was finally able to obtain the search warrant for the November 12, 1998 raid on 1973 Denune Avenue — the raid that led to your arrest in the underlying case. It was very difficult to find because the police did not file it with the Franklin County Municipal Court Clerk's office until February 1999. It was very important that we performed an exhaustive search * * *.
{¶ 22} "* * * The standard of review in a `sufficiency of the evidence' habeas claim such as yours is a tough one. I have enclosed Bailey v. Mitchell, 271 F.3d 652 (6th Cir. 2001) which lays out * * * the standard that the federal court would need to apply in reviewing the jury's verdict and Judge Sadler's judgement [sic] in your case. In order to overturn the verdict against you, the federal judge would have to find the verdict was not only legally incorrect but also unreasonable."
{¶ 23} Further, in a letter dated March 8, 2002, counsel stated that the extensive search yielded documents relating to two other searches at 1973 Denune Avenue.
{¶ 24} According to the documents relator attached to the motion to hold in abeyance, his attorney sent him copies of numerous documents including the search warrant signed November 12, 1998, by Judge Charles A. Schneider for a search of 1973 Denune Avenue, as well as the affidavit sworn before Judge Schneider to support the warrant, and a receipt/inventory for the search on November 12, 1998, at 1973 Denune Avenue. Relator's attorney also enclosed documents relating to the September 2, 1998 search at 1973 Denune Avenue as well as documents relating to the July 1998 search at 2116 Schenley, with the return of service on the arrest warrant executed December 15, 1998.
{¶ 25} 11. During the period of time when the present action was held in abeyance at relator's request, relator filed an appeal to the Ohio Supreme Court from this court's memorandum decision of March 19, 2002. The appeal was dismissed in October 2002 for lack of a final appealable order.
{¶ 26} 12. In November 2002, this court lifted the stay and directed the magistrate to proceed. The magistrate issued a briefing schedule under Civ.R. 56.
{¶ 27} 13. On December 18, 2002, Judge Brandt filed a motion for summary judgment, attaching certified copies of numerous documents relating to the search and seizure at 1973 Denune Avenue on November 12, 1998, and the consequent arrest on December 15, 1998.
{¶ 28} The majority of these documents had already been provided to relator by his attorney (see par. 10), such as the search warrant affidavit, the search warrant, the inventory and receipt. However, respondent provided several additional documents, including: (A) a computer-generated report regarding the status of search warrants including the November 12, 1998 warrant for 1973 Denune Avenue; (B) the prosecutor's request for issuance of an arrest warrant upon indictment based on the November 12, 1998 search; and (C) warrants to convey and a "Warrant on Indictment — Information" in State v. Scruggs, 98CR-6992.
{¶ 29} The summary judgment motion was also supported by a statement by respondent's counsel that, on December 12, 2002, he requested an exhaustive and comprehensive search of the records of both the municipal and common pleas courts to locate the documents requested by relator and that all documents found during the search were attached to the motion and served on relator by certified mail, and that no further documents were on file to the best of counsel's knowledge. Also, an affidavit was submitted by Christine Marrell, the paralegal who conducted the search.
{¶ 30} 14. On December 26, 2002, relator filed a memorandum in opposition to summary judgment and a motion to consolidate, arguing inter alia that the court of appeals had already denied respondent's previous motion for judgment and that the present motion for summary judgment must be denied under res judicata, and also seeking consolidation because the evidence produced in the present action supported claims being made in case No. 02AP-621.
{¶ 31} 15. The magistrate denied the motion to consolidate, and the motion of Judge Brandt for summary judgment is now before the court.
{¶ 32} Conclusions of Law:
{¶ 33} In this original action in mandamus, relator sought to compel the production of documents relating to a search and seizure by police on November 12, 1998, at 1973 Denune Avenue that led to his arrest on December 15, 1998.
{¶ 34} For two reasons, the motion for summary judgment should be granted. First, the documents filed by relator (with his motion to hold in abeyance) and also filed by respondent (with his motion for summary judgment) demonstrate that the judge who issued the search warrant for the November 12, 1998 search at 1973 Denune Avenue was not Judge Brandt but was Judge Schneider.
{¶ 35} No evidence before the court indicates that Judge Brandt had any involvement in the issuance or execution of the subject search warrant or arrest warrant. Therefore, he had no duty under law relative to the requested documents, and a writ of mandamus cannot issue directing him to take any action with respect to the documents, as requested in the complaint. Reasonable minds could reach but one conclusion: the uncontroverted evidence shows no duty on the part of Judge Brandt and no failure of duty by Judge Brandt.
{¶ 36} Second, relator has now received the requested documents from two different sources, his own attorney, as well as the city attorney's office in representing Judge Brandt. The city attorney's office provided certified copies to relator. Because the documents requested in the complaint are now in relator's possession, and there is no evidence to suggest that other documents exist as requested in the complaint, there can be no legal duty to produce further documents, and a writ of mandamus cannot be issued. The complaint is moot.
{¶ 37} Based on the foregoing, the magistrate recommends that the court grant respondent's motion for summary judgment filed December 18, 2002.