**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0655n.06
Filed: September 5, 2007

**Case No. 05-2419**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| FREDERICK WRIGHT, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE EASTERN** |
| JIMMY STEGALL, | ) | **DISTRICT OF MICHIGAN** |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| ——————————————— | ) | |
| | ) | |
| | ) | |

**BEFORE:  BATCHELDER and COLE, Circuit Judges; PHILLIPS[*], District Judge.**

   **THOMAS W. PHILLIPS, District Judge.**  Frederick Wright was convicted in a Michigan state court of armed robbery and being a third felony offender.  He was sentenced to 30-60 years imprisonment.  After exhausting his direct appeals in state court, Wright petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising ten assignments of error.  The United States District Court for the Eastern District of Michigan denied petitioner's claims, but granted a certificate of appealability on the issue of whether he is entitled to relief based upon his claim of newly discovered evidence.  Because petitioner's claim of actual innocence is not cognizable, he is not entitled to habeas corpus relief, and the judgment of the district court will be affirmed.

---

[*]The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

## I. Background

Petitioner was convicted, after a jury trial, of the robbery of a Zephyr gas station in Fruitport, Michigan on August 6, 1986. Petitioner was also found guilty of being a third felony offender and sentenced to prison for 30-60 years. After exhausting his direct appeals in state court, Wright filed a petition for a writ of habeas corpus in the federal court raising ten assignments of error. On September 30, 2005, the district court denied all ten of petitioner's claims on the merits, but granted a certificate of appealability limited to petitioner's freestanding actual innocence claim.

Specifically, petitioner contends that two other individuals, Larry Boyles and Elson Earl Gee, committed the Zephyr robbery. In support of his claim, petitioner submitted an affidavit from Gee, an inmate at the Saginaw Regional Correctional facility, in which Gee claimed that he and Boyles committed the Zephyr robbery in August 1986. Petitioner submitted a second affidavit from an individual named Frank Grays, a fellow inmate of Boyles, stating that Boyles told him that he told the police that petitioner committed the Zephyr robbery in retaliation for petitioner's identification of Boyles as the perpetrator of another robbery at Ray's Mini Mart.

Petitioner also submitted an affidavit from Larry Boyles in which Boyles confessed to committing the armed robbery of the Zephyr station in August 1986. Boyles stated that he identified petitioner as the perpetrator of the Zephyr robbery because he wanted to get back at him for informing the police that Boyles committed the Ray's Mini Mart robbery.

The state court found that some of the information contained in Gee's and Gray's affidavits was not "newly discovered" and that the information in both affidavits was cumulative in the respect that it supported the alibi petitioner asserted at trial. The state court further questioned the affiants'

2

reliability in light of their prior criminal histories. Gee's affidavit indicates that Boyles and petitioner knew each other, and that Boyles turned in petitioner in retaliation for a similar action by petitioner against Boyles. Moreover, the state court held that it was not obligated to accept the claims in the affidavits as true, noting that the new evidence contained serious flaws. Gee had several convictions (larceny, retail fraud, armed robbery) that the state court found could be used to impeach his testimony. Grays also had a prior conviction (armed robbery) which made his testimony less convincing. The court also noted that the statute of limitations had run on any new prosecution for Gee and Boyles for the Zephyr robbery. The state court concluded that the new evidence offered by petitioner would not cause the trier of fact to reach a different verdict at a separate trial.

## II. Analysis

This action is governed by the Antiterrorism, and Effective Death Penalty Act, Pub.L. 014-132, 110 Stat. 1214 (AEDPA). *See Penry v. Johnson,* 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials,'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone,* 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply

3

because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411 (2000); *accord Bell,* 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams,* 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams,* 324 F.3d 426, 429 (6th Cir. 2003); *Bailey v. Mitchell,* 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Summer v. Mata,* 449 U.S. 539, 546-47 (1981); *Smith v. Jago,* 888 F.2d 399, 407 n. 4 (6th Cir. 1989). Applying the foregoing standards under AEDPA, the court finds that petitioner is not entitled to relief.

In his motion, petitioner does not seek excusal of a procedural error so that he may bring an independent constitutional claim challenging his conviction or sentence, but rather argues that he is entitled to habeas relief because newly discovered evidence shows that his conviction is factually incorrect. In *Herrera v. Collins,* 506 U.S. 390, 400 (1993), the Supreme Court explained that "claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." A claim of actual innocence can only serve to excuse a procedural default so that a petitioner may bring an independent constitutional claim challenging his conviction or sentence. *Id.* at 404. "The rule is grounded in the principle that federal habeas courts

4

sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." *Id.*

In *House v. Bell,* 126 S.Ct. 2064 (2006), the Supreme Court declined to answer the question left open in *Herrera* – whether a habeas petitioner may bring a freestanding claim of actual innocence. *House,* 126 S.Ct. at 2086-87 (noting that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim" (quoting *Herrera*, 506 U.S. at 417)). Since the Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus, outside the death-penalty context, this court finds that petitioner's claim is not entitled to relief under available Supreme Court precedent. In any event, as the district court noted, there appears to be a state avenue open to petitioner. In denying petitioner's second motion for relief from judgment, the Circuit Court for the County of Muskegon explained that it "would be willing to revisit this matter if . . . Boyles's testimony, through excerpts from a deposition properly noticed, [were] presented, or accompanied by tangible physical evidence supporting the claims." Thus, we are precluded from considering petitioner's freestanding innocence claim.

III. Conclusion

Because petitioner has not shown that he is entitled to relief on his application for a writ of habeas corpus, we affirm the district court's denial of relief based on newly discovered evidence.

5

**ALICE M. BATCHELDER, concurring.** I concur in the majority's judgment and write separately to elaborate on the actual-innocence exception. In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court stated: "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." But the *Herrera* Court did not close the door completely, stating in dicta: "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." *Id*. at 417. Thus, even without the occurrence of any independent constitutional violation during the state criminal proceeding, federal habeas relief might be warranted for "truly persuasive demonstration of actual innocence," provided: (1) the habeas petition seeks relief in a capital case, in which case such a demonstration of actual innocence "would render the execution of a defendant unconstitutional"; and (2) there is " no state avenue open to process such a claim." *Id*.

This *Herrera* exception has never been applied and, moreover, the Court emphasized that "the threshold showing for such an assumed right would necessarily be extraordinarily high." *Id*.; *see also House v. Bell*, 547 U.S. --, 126 S.Ct. 2064, 2087 (2006) ("In *Herrera*, however, the Court described the threshold for any hypothetical freestanding innocence claim as 'extraordinarily high.'"); *Cress v. Palmer*, 484 F.3d 844, 854-55 (6th Cir. 2007). Therefore, to invoke this exception and obtain habeas relief on his freestanding innocence claim, Wright must meet both pre-conditions and then overcome the "extraordinarily high" threshold.

Wright fails the first precondition. This is not a capital case, and hence, the concern about

6

the unconstitutionality of executing a defendant who has shown persuasive evidence of actual innocence is not implicated. *See Herrera*, 506 U.S. at 417; *Cress*, 484 F.3d at 855 ("We first point out the obvious -- that this is not, in fact, a capital case."). Therefore, Wright cannot avail himself of this actual-innocence exception, and his habeas petition is without merit.

**ALICE M. BATCHELDER, concurring.**  I concur in the majority's judgment and write separately to elaborate on the actual-innocence exception.  In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court stated:  "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."  But the *Herrera* Court did not close the door completely, stating in dicta:  "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim."  *Id*. at 417.  Thus, even without the occurrence of any independent constitutional violation during the state criminal proceeding, federal habeas relief might be warranted for "truly persuasive demonstration of actual innocence," provided:  (1) the habeas petition seeks relief in a capital case, in which case such a demonstration of actual innocence "would render the execution of a defendant unconstitutional"; and (2) there is " no state avenue open to process such a claim."  *Id*.

This *Herrera* exception has never been applied and, moreover, the Court emphasized that "the threshold showing for such an assumed right would necessarily be extraordinarily high."  *Id*.; *see also House v. Bell*, 547 U.S. --, 126 S.Ct. 2064, 2087 (2006) ("In *Herrera*, however, the Court described the threshold for any hypothetical freestanding innocence claim as 'extraordinarily high.'"); *Cress v. Palmer*, 484 F.3d 844, 854-55 (6th Cir. 2007).  Therefore, to invoke this exception and obtain habeas relief on his freestanding innocence claim, Wright must meet both pre-conditions and then overcome the "extraordinarily high" threshold.

Wright fails the first precondition.  This is not a capital case, and hence, the concern about

8

the unconstitutionality of executing a defendant who has shown persuasive evidence of actual innocence is not implicated. *See Herrera*, 506 U.S. at 417; *Cress*, 484 F.3d at 855 ("We first point out the obvious -- that this is not, in fact, a capital case."). Therefore, Wright cannot avail himself of this actual-innocence exception, and his habeas petition is without merit.